UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA

        v.

NORRIS KING,

                Defendant.

**DECISION AND ORDER**

15-MJ-2150

───────────────────────────────

## I.  INTRODUCTION

Pending before the Court is a motion by defendant Norris King ("King") for reconsideration of detention and release pending sentencing.  (Dkt. No. 16.)  On January 5, 2016, King changed his plea and entered a plea of guilty to a two-count misdemeanor information.  King pled guilty to theft and to assault within the territorial jurisdiction of the United States.  (*See generally* Dkt. Nos. 11–14.)  The Court set sentencing for April 20, 2016.  King wants to be released between now and sentencing because he has found a residential and treatment program at the Buffalo City Mission that can address his mental health and other needs.  The Government opposes release primarily on the basis that King's now-conviction for assault constitutes a "crime of violence" that mandates detention pending sentencing.  The United States Probation Office ("USPO") opposes release because the program that King seeks to enter lacks on-site treatment services and would be better suited for him after he completes any term of imprisonment.

The Court held a bail review hearing on February 16, 2016.  For the reasons below, the Court denies King's motion.

## II. BACKGROUND

This case concerns allegations that King shoplifted from a commissary store at the Veterans Affairs Medical Center ("VAMC") in Buffalo, New York, and then attacked three people while trying to flee the scene to avoid arrest.  The case began with a complaint that the Government filed on December 10, 2015. (Dkt. No. 1.)  According to the complaint, King entered the Veteran Canteen Service, a commissary store, on December 9, 2015.  King attempted to steal three North Face jackets, each carrying a retail price of $179.00.  The store manager confronted King, who then tried to flee.  During the ensuing chase through the building, King knocked over an elderly bystander and attacked both the store manager and another person who tried to apprehend him before security arrived.  Together, the three victims suffered pain, scrapes, bruises, and right arm and shoulder injuries.  The complaint contained one charge of attempted theft under the Assimilative Crimes Act, 18 U.S.C. § 13.  On December 10, 2015, the Court signed the complaint and held an initial appearance.  King waved his right to a detention hearing while reserving the right to revisit detention.  King is a homeless veteran, and counsel wanted time to explore options for King's housing, medical, and mental health needs.

On January 5, 2016, King told the Court that he wanted to waive his right to a preliminary hearing and change his plea.  The Court eventually accepted King's wish to proceed before a Magistrate Judge and to plead guilty to a two-count misdemeanor information that the Government presented.  In Count One, King pled guilty to theft in violation of 18 U.S.C. § 661.  In Count Two, King pled guilty to assault of the three victims in violation of 18 U.S.C. § 113(a)(4).  The Court accepted the plea agreement that the parties presented.  Subject to final confirmation by the Court at sentencing, the parties have agreed in the plea agreement that King will present with a criminal history category of III and an advisory sentencing range of 10–16 months of imprisonment.  Sentencing currently is scheduled for April 20, 2016.

King filed his pending motion on February 5, 2016.  King wants the Court to release him pending sentencing to the Dream Program at the Buffalo City Mission.  "The Dream Program is a residential program where Mr. King will be assigned a case manager who will implement a service plan, and Mr. King will be monitored for compliance with all terms and conditions of the program." (Dkt. No. 16 at 2–3.)  King believes that he is eligible for release to this program because his offenses are simple offenses that do not constitute crimes of violence.  The Government opposes release for two reasons.  Principally, the Government argues that King's plea and conviction for assault constitutes a crime of violence that mandates detention pending sentencing under 18 U.S.C. § 3143(a)(2).

Alternatively, the Government argues that King's lengthy criminal history makes him a danger to the community that conditions of release cannot address. The USPO also focuses on King's lengthy criminal history, suggesting that placing King in a residential program might make more sense after imprisonment than placing him there for just a short time before. The USPO takes this position in part because the particular program that King has proposed, the Dream Program, does not have substance abuse treatment or mental health treatment on the premises.

## III. DISCUSSION

As a housekeeping matter, the Court will assess King's motion as equivalent to an initial motion for bail. King labeled his motion as a motion for "reconsideration of release," but he had waived his right to a detention hearing without prejudice. Accordingly, the Court will not subject King to the higher standard required for reconsideration of prior detention orders; King will not have to establish a change of circumstances.

### A. Does King's assault conviction constitute a crime of violence?

The Court now turns to the Government's principal argument against release, that King must remain in custody because his conviction encompasses a crime of violence. Assessing the Government's argument will require a little drilling down. "The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of

4

subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained" absent one of two exceptions not relevant here. 18 U.S.C. § 3143(a)(2).[1] Of the offenses described in Section 3142(f)(1), the only one that could apply is the "crime of violence" under Section 3142(f)(1)(A). "[T]he term 'crime of violence' means . . . an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4)(A); *see also* 18 U.S.C. § 16(a) ("The term 'crime of violence' means . . . an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."). King's assault conviction has to be examined as a possible crime of violence because it had something to do with physical force and because Congress boosted the offense from a Class B misdemeanor—a petty offense—to a Class A misdemeanor. *See* Violence Against Women Reauthorization Act of 2013, Pub. L. No. 113-4 § 906(a)(1)(D), 127 Stat. 54 (2013); *U.S. v. Loera*, 952 F. Supp. 2d 862, 864 n.1 (D. Ariz. 2013) ("On the date the pending charge against Defendant was filed, a violation of 18 U.S.C. § 113(a)(4) was a Class B misdemeanor. Pursuant to recent changes in the Violence Against Women Reauthorization Act of 2013 ('VAWA'), Pub. L. No. 113–4, which are not applicable to Defendant, it is now a Class A

---

[1] The exception available in 18 U.S.C. § 3143(a)(2)(A)(ii) almost would apply here, but the Government has signaled that it will request a sentence of imprisonment at sentencing.

misdemeanor."). Whether King's plea and conviction under 18 U.S.C. § 113(a)(4) constitutes a crime of violence thus requires looking at what offense elements King has established through his plea and confirming whether at least one of those elements matches the definition in Section 3156(a)(4)(A).

Comparing King's plea and Section 3156(a)(4)(A) is straightforward. The core of King's conviction is "[a]ssault by striking, beating, or wounding." 18 U.S.C. § 113(a)(4). "Where, as here, a statute incorporates language with an accepted common-law definition, our construction of the statute is guided by that accepted meaning absent a clear contrary indication." *U.S. v. Delis*, 558 F.3d 177, 180 (2d Cir. 2009) (citation omitted). King's conviction includes the common-law term assault, and King proposes that the "offense of assault by striking, beating or wounding is the equivalent of simple battery." (Dkt. No. 19 at 3.); *see also U.S. v. Chavez*, 204 F.3d 1305, 1313 (11th Cir. 2000) ("Chavez was convicted of a violation of 18 U.S.C. § 113(a)(4), assault by striking, beating or wounding within the territory of the United States. This offense is akin to a simple battery.") (citation omitted); *U.S. v. LeCompte*, 108 F.3d 948, 952 (8th Cir. 1997) ("An assault is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm."). "The distinction between assault and battery, however, has been regularly elided. The two terms have often been used

interchangeably. Even at common law, then, a completed battery, performed with only a general intention to perform the unlawful act or even mere criminal negligence, also constituted an assault. Careful examination of the common-law definition of assault therefore supports the conclusion that simple assault, as used in § 113(a)(5) [a statutory provision adjacent to King's], includes completed common-law battery, which did not require a specific intent to injure." *Delis*, 558 F.3d at 181 (citations omitted). Section 113(a)(4) supports treating the terms assault and battery interchangeably because it uses the term "by"; that is, the statute establishes actual physical violence as the means through which an "assault" occurs. Treating an "assault" as just an attempt or threat under the circumstances would be too narrow a reading of the statute.

Here, King's conviction points to a finding of a crime of violence. King has admitted, for Count Two of the information and under paragraph five of the plea agreement, to physically attacking three victims while fleeing from the theft that constituted Count One. Neither the common-law definition of assault nor the statutory language of "assault by striking, beating, or wounding" requires any specific level of violence or any specific intent. King's straightforward plea thus has satisfied the element of assault by striking, beating or wounding. That, in turn, means that King has admitted to using, attempting to use, or threatening to use physical force against the three victims. That admission suffices to place

7

King's offense under Section 3156(a)(4)(A) and to make King's offense a crime of violence as set forth under that provision.

Confirming that King's offense constitutes a crime of violence is important because the applicable bail statute forces an end to the Court's analysis. As cited above, 18 U.S.C. § 3143(a)(2) directs that the Court "shall order" King detained because of his conviction for a crime of violence. Congress wrote Section 3143(a)(2) as an explicit exception to the general provision of Section 3143(a)(1), which would have allowed the Court to consider flight risk or danger to the community upon release. Section 3143(a)(2) itself has exceptions, but the Court noted previously that the exceptions do not apply to King's circumstances. Since King appears to have no other way out from under the constraints of Section 3143(a)(2), the Court must order him detained pending sentencing.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies King's motion for release pending sentencing (Dkt. No. 16).

SO ORDERED.

*/s Hugh B. Scott*
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: March 1, 2016